## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JAMES RICHARD DUDLEY,**

  **Plaintiff,**

  **v.**           **CASE NO. 25-3014-JWL**

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

  **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff James Richard Dudley, who is currently incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas, brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff's complaint is based on the treatment he received as the result of a chipped tooth he suffered in 2021. Plaintiff also raises claims about an anxiety attack and his placement in segregation in 2021; he claims that his phone, visits, and G.E.D. tablet were taken away on September 3, 2024; and he claims he was placed in segregation in retaliation for filing grievances in 2021 and a civil rights action in 2023.

The Court notes that the 2023 civil rights action, Case No. 23-3016-HLT-ADM, raised claims related to the same dental care at issue in this case. Plaintiff voluntarily dismissed Case No. 23-3016-HLT-ADM in April 2024. Moreover, the complaint filed in this matter is identical to the complaint he filed to begin Case No. 24-3177-JWL, which was dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b) on December 2, 2024. Plaintiff appealed the dismissal of Case No. 24-3177-JWL and that appeal is currently pending in the Tenth Circuit under Appeal No. 25-3001.

1

With his complaint in this matter, Plaintiff filed a motion for leave to proceed in forma pauperis (Doc. 2), a motion to appoint counsel (Doc. 3), a motion for temporary restraining order (Doc. 4), and two notices to the Court (Docs. 5 and 6). The Court has carefully reviewed all documents filed by Plaintiff and will deny the motion for leave to proceed in forma pauperis, for the reasons explained below. The Court will defer ruling on the remaining motions until Plaintiff pays the statutorily required filing fee in this matter.

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

 "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. May 23, 2017) (unpublished) (quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for

---

[1] Prior to filing the instant complaint, the Court finds at least three  prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Dudley v. Massey*, Case No. 08-3046, Doc. 9 (D. Kan. June 24, 2008) (dismissing for failure to state a claim); *Dudley v. Simon*, Case No. 21-3127, Doc. 6 (D. Kan. Aug. 16, 2021) (dismissing for failure to state a claim); *Dudley v. Warren*, Case No. 22-3188, Doc. 35 (D. Kan. March 27, 2023) (dismissing for failure to state a claim).

those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id.* (citation omitted).

The Court has examined the complaint and, as it did when presented with an identical complaint in Case No. 24-3177-JWL, finds no showing of imminent danger of serious physical injury.[2] Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action.

Plaintiff is given time to pay the full $405.00 district court filing fee[3] to the Court. If he fails to pay the full fee within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **February 28, 2025,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated January 27, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiff's allegation that he is unable to pay the full filing fee because Defendants will not allow him access to his tablet or phone (*see* Doc. 6) does not affect the analysis of whether Plaintiff is in imminent danger of serious physical injury. Moreover, the allegation is unpersuasive because Plaintiff also informs the Court—under penalty of perjury—that he lacks the funds to prepay the filing fee (*see* Doc. 2).

[3] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.