IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES RICHARD DUDLEY,

    **Plaintiff,**

v.                                          CASE NO. 25-3014-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner James Richard Dudley brought this now-closed pro se civil rights action under 42 U.S.C. § 1983. It comes now before the Court on Plaintiff's motion for reconsideration. (Doc. 13.) For the reasons explained below, the motion will be denied and this matter will remain closed.

**I. Background**

Plaintiff filed this 42 U.S.C. § 1983 action on January 24, 2025, along with a motion for leave to proceed in forma pauperis (IFP) (Doc. 2) and other motions. On January 27, 2025, the Court entered an order denying Plaintiff's motion to proceed IFP. (Doc. 7.) The order found that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Specifically, the order held:

> Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Accordingly, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id.*

(Doc. 7, p. 2 (footnote omitted).)

1

A footnote to the language quoted above stated:

> Prior to filing the instant complaint, the Court finds at least three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Dudley v. Massey*, Case No. 08-3046, Doc. 9 (D. Kan. June 24, 2008) (dismissing for failure to state a claim); *Dudley v. Simon*, Case No. 21-3127, Doc. 6 (D. Kan. Aug. 16, 2021) (dismissing for failure to state a claim); *Dudley v. Warren*, Case No. 22-3188, Doc. 35 (D. Kan. March 27, 2023) (dismissing for failure to state a claim).

(Doc. 7, p. 2 n.1.)

The order further explained that the Court had examined the complaint and attachments thereto but found no showing of imminent danger of serious physical injury, so the motion to proceed IFP was denied. *Id.* at 3. The Court granted Plaintiff until and including February 28, 2025 to submit the $405.00 filing fee. *Id.* The order expressly cautioned that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." *Id.* at 3. The order was mailed to Plaintiff at his address of record, but it was returned to this Court and received on March 17, 2025. (Doc. 11.) The envelope was marked "Return to Sender Resident Refused." *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee passed and Plaintiff did not pay the fee or file anything further in this matter. As a consequence, on March 7, 2025, the Court dismissed this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders. On April 22, 2025, Plaintiff filed in this matter the motion for reconsideration (Doc. 13) that is now before the Court.

**II. Discussion**

Plaintiff asks this Court to reconsider its order dismissing this matter. (Doc. 13, p. 1.) He first argues that *Dudley v. Simon*, Case No. 21-3127-SAC, should not count as a strike because, contrary to the holding of the Court in that matter, he did state a claim in that case on which relief could be granted. *Id.* This assertion does not persuade the Court to reconsider its dismissal of this matter for two reasons.

First, Plaintiff could have challenged the Court's identification of Case No. 21-3127 as a strike prior to the Court's dismissal of this matter. He could have filed a motion to reconsider the order that identified Case No. 21-3127 as a strike, but he did not. Making arguments or asserting facts that could have been previously made or asserted is not enough to succeed on a motion to reconsider. *See Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) ("Rule 60(b) relief [from a final judgment, order, or proceeding] is not properly granted where a party merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.'"); *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000) (holding that a motion to reconsider under Fed. R. Civ. P. 59(e) should not be used to present supporting facts that could have been presented in earlier filings).

3

Additionally, the time in which to challenge the holding in Case No. 21-3127 that Plaintiff failed to state a claim in that case has long passed. In a memorandum and order to show cause issued in Case No. 21-3127 on July 16, 2021, Plaintiff was given the opportunity to "show good cause why his Complaint should not be dismissed" and to dispute the Court's conclusion that "dismissal of it is appropriate for failure to state a claim." *See Dudley v. Simon*, 2021 WL 3022139, *3-4 (D. Kan. July 16, 2021) (unpublished). The order expressly cautioned Plaintiff that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim." *Id.* at *4. Despite this warning, Plaintiff did not file a response to the order. Moreover, the case was "dismissed for failure to state a claim" on August 16, 2021 and Plaintiff did not appeal. *See* Case No. 21-3127, Doc. 6. He may not now, more than 3 years later and in a different case, dispute the accuracy of the holding in Case No. 21-3127 that he failed to state a claim.

Next, Plaintiff argues that *Dudley v. Kansas Dept. of Corrections*, Case No. 23-3016-HLT-ADM, was not frivolous and should not count as a strike. (Doc. 13, p. 2.) When determining whether at least three prior civil actions filed by Plaintiff qualify as "strikes" under § 1915(g), the Court did not consider whether Case No. 23-3016-HLT-ADM is a strike. It relied on the three cases cited in the footnote quoted above. Therefore, Plaintiff's argument on this point, even if successful, would not lead the Court to reconsider its decision that Plaintiff is subject to the three-strikes provision of § 1915(g). The Court will not address case No. 23-3016 further, other than to note that to the extent that Plaintiff asserts that error in that matter, this case is not the appropriate case in which to raise those complaints.

4

### III. Conclusion

Even liberally construing the pro se motion for reconsideration and the attachments thereto, Plaintiff has not persuaded the Court to reconsider its prior orders in this matter. In addition, the Court notes that attached to the motion for reconsideration are documents that appear to be intended for filing in the District Court of Butler County, Kansas. (Doc. 13-1, p. 1-28.) Plaintiff is advised that this Court does not forward documents to state courts for filing and it has taken no further action with respect to these pages.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion for reconsideration (Doc. 13) is **denied**. This matter shall remain closed.

**IT IS SO ORDERED**.

**Dated April 24, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
